IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| AFLAC INCORPORATED, in its capacity as Plan Sponsor and Administrator of AMERICAN FAMILY CORPORATION RETIREMENT PLAN FOR SENIOR OFFICERS, and AMERICAN FAMILY CORPORATION RETIREMENT PLAN FOR SENIOR OFFICERS,<br><br>    Plaintiffs,<br><br>vs.<br><br>SALVADOR DIAZ-VERSON, JR., and PORTER BRIDGE LOAN COMPANY, INC.,<br><br>    Defendants. | *<br>*<br>*<br>*<br>*   CASE NO. 4:11-CV-81 (CDL)<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

O R D E R

After entry of final judgment in this declaratory judgment and interpleader action, AFLAC Incorporated ("AFLAC") filed a Motion for Attorneys' Fees (ECF No. 105), seeking to be reimbursed $83,898.00 from the interpleaded funds. AFLAC asserts two separate bases for the recovery of its fees. First, it maintains that a disinterested party that initiates an interpleader action is generally entitled to recover its litigation expenses incurred in the interpleader action. Alternatively, it argues that as a "prevailing party," it is entitled to recover its litigation expenses under the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(g)(1). For the following reasons, the motion is denied.

## I.  Recovery of Litigation Expenses in Interpleader Actions

In the Eleventh Circuit, "costs and attorneys' fees are generally awarded, in the discretion of the court, to the plaintiff who initiates the interpleader as a mere disinterested stake holder." *Prudential Ins. Co. of Am. v. Boyd*, 781 F.2d 1494, 1497 (11th Cir. 1986); *see also Kawasaki Kisen Kaisha, Ltd. v. All City Used Auto Parts, Inc.*, 306 F. App'x 480, 482 (11th Cir. 2009) (per curiam) (applying the prevailing rule that "attorney's fees generally are justified in interpleader actions."). "The usual practice is to tax the costs and fees against the interpleader fund[.]" *Boyd,* 781 F.2d at 1498. The Court, however, ultimately has complete discretion over the award of fees. *Gulf Oil Corp. v. Olivier*, 412 F.2d 938, 946 (5th Cir. 1969).[1] The justifications for generally awarding attorney's fees to parties who initiate an interpleader action are as follows:

> First, an interpleader action often yields a cost-efficient resolution of a dispute in a single forum, rather than multiplicitous, piecemeal litigation. Second, the stakeholder in the asset often comes by the asset innocently and in no way provokes the dispute among the claimants. Third, fees for the

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2

>    stakeholder typically are quite minor and therefore do
>    not greatly diminish the value of the asset.

*Chase Manhattan Bank v. Mandalay Shores Coop. Hous. Ass'n, Inc. (In re Mandalay Shores Coop. Hous. Ass'n, Inc.)*, 21 F.3d 380, 383 (11th Cir. 1994).

In this interpleader action, however, AFLAC's conduct was not consistent with that of an entirely disinterested stakeholder.  While AFLAC certainly had the right to engage in that conduct, it does not have the right to be paid for it from the interpleaded funds.  A simple review of the legal work for which AFLAC seeks reimbursement demonstrates that it actively litigated the legal issues that were ultimately resolved by the Court.  It did more, much more, than simply pay the funds into Court, and then maintain an independent, disinterested posture.  The Court need not speculate as to AFLAC's motives for taking such a keen interest in the resolution of the claims between the other parties; it is sufficient that most of AFLAC's legal fees are attributable to its conduct not as a mere disinterested stakeholder but as an interested party to the litigation.  For this reason, the Court finds that AFLAC should not be awarded its expenses of litigation from the interpleaded funds.[2]

---

[2] The Court further finds that it cannot ascertain from AFLAC's submissions what lesser amount it may be due for legal work that was done solely in its capacity as a disinterested stakeholder.

**II.  Recovery of Litigation Expenses Under ERISA**

AFLAC alternatively contends that it is entitled to fees under ERISA, 29 U.S.C. § 1132(g)(1), which authorizes reasonable attorneys' fees in the Court's discretion. Confirming the Court's observation that it behaved more like an active litigant than a disinterested stakeholder in this action, AFLAC argues that it should be awarded its litigation expenses because it in fact "prevailed" in the action.  The standard for the recovery of litigation expenses by a "prevailing party" in an ERISA action was explained by the Supreme Court in *Hardt v. Reliance Standard Life Insurance Co.*:

> a fees claimant must show some degree of success on
> the merits before a court may award attorney's fees
> under § 1132(g)(1).  A claimant does not satisfy that
> requirement by achieving trivial success on the merits
> or a purely procedural victor[y], but does satisfy it
> if the court can fairly call the outcome of the
> litigation some success on the merits without
> conducting a lengthy inquir[y] into the question
> whether a particular party's success was substantial
> or occurred on a central issue.

130 S. Ct. 2149, 2158 (2010) (internal citations and quotation marks omitted).  In this interpleader action, AFLAC's position on the substantive legal issues ultimately prevailed.  AFLAC, however, was not actually a claimant to those funds.  The controversy was between the Defendants in the action, who took different positions as to how the payments from AFLAC should be treated and who had strong interests in the resolution of this

4

issue.  Under these circumstances, the Court finds that AFLAC was not a "prevailing party" for purposes of awarding litigation expenses under ERISA.

## CONCLUSION

For the reasons explained above, the Court denies AFLAC's Motion for Attorneys' Fees (ECF No. 105).

IT IS SO ORDERED, this 11th day of September, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

5